

FILED
JUN 21 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY           Deputy Clerk

ENTERED
JUN 22 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY           Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>SONA CHUKHIAN MELIKYAN<br>Debtor. | Case No. LA 02-16439 TD<br>Adv. No. LA 03-01235 TD<br><br>Chapter 7 |
| NAIRA N. KHNKOYAN,<br>Plaintiff<br>v.<br>SONA CHUKHIAN MELIKYAN,<br>Defendant. | MEMORANDUM OF DECISION<br><br>DATE:    May, 24 2006<br>TIME:    11:00 a.m.<br>PLACE:   Courtroom 1345 |

## INTRODUCTION

The Bankruptcy Appellate Panel (BAP) remanded this adversary after review of my judgment entered December 4, 2004. The BAP affirmed my decision in finding the indebtedness to Khnkoyan to be nondischargeable pursuant to §§ 523(a)(2)(A) and (a)(3) and in denying the Debtor's discharge under § 727(a)(4). Because I did not explain how I calculated the prejudgment interest rate that I employed in my oral ruling and judgment, I was directed by the BAP on remand, solely on the prejudgment

interest issue, to recalculate prejudgment interest or to provide a " 'reasoned justification' as to why a higher rate is appropriate." Prior to a status conference on May 24, 2006, I directed the parties to file briefs stating their position on the interest issue only. Khnkoyan submitted a brief urging me to employ the California rate of interest in my judgment. The Debtor did not file a brief or request a hearing on the matter. Consequently, I excused the parties from appearing at the status conference hearing and took the matter of prejudgment interest under advisement. Upon consideration of the BAP's memorandum remanding this matter, Khnkoyan's brief, the evidence, and the law, the following are my findings of fact and conclusions of law on the prejudgment interest issues.

## STATEMENT OF FACTS

In 1998, Naira N. Khnkoyan (Khnkoyan) moved to California, where she became friends with Sona Chukhian Melikyan (Debtor). Khnkoyan made twelve separate loans to the Debtor between October 22, 1998 and July 12, 2000 totaling $618,000. The Debtor repaid four of the loans, but the other eight loans remained unpaid leaving an outstanding principal balance of $433,000. Khnkoyan did not create or maintain traditional loan documentation, such as promissory notes, to evidence the loans to Debtor. The only documentary evidence supporting the existence of Khnkoyan's loans to Debtor consists of cashier's checks and Khnkoyan's bank statements, plus a $325,000 check written by the Debtor to Khnkoyan with a notation on the face: "Return of Personal Loan."

On March 5, 2002, Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. Debtor did not list Khnkoyan as a creditor in the schedules that Debtor filed with her petition. As a result of that fact, Khnkoyan did not receive notice of the meeting of creditors or the deadline for filing complaints asserting objections to the Debtor's discharge or to dischargeability of the Debtor's debts to Khnkoyan. On

February 12, 2003, I granted a motion filed be Khnkoyan to extend her deadline for filing a complaint. Khnkoyan filed a complaint on February 27, 2003, objecting to the discharge of the remaining balances owed to her.

After substantial pretrial litigation and five days of trial, and upon consideration of the evidence and the argument of counsel, I ruled that the Debtor was indebted to Khnkoyan in the principal amount of $433,000 plus prejudgment interest at the California rate of 10% per annum from the date each loan became due through the date of entry of judgment. Under 28 U.S.C. § 1961(a), the federal interest rate can also be used to determine the amount of prejudgment interest. Upon review as directed by the BAP, I have decided that the variable federal interest rate is the appropriate rate to use, not a state interest rate.

## DISCUSSION

Twenty-eight U.S.C. § 1961(a), in pertinent part, provides as follows:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

Federal courts have applied § 1961(a) to prejudgment interest rates unless on substantial evidence the equities of the particular case require a different rate. See Western Pacific Fisheries, Inc. v. SS President Grant, 730 F.2d 1280, 1289 (9th Cir. 1984); United States v. Gordon, 393 F.3d 1044, 1058 n.12 (9th Cir. 2004) (emphasis added). Furthermore, "The federal prejudgment interest rate applies to actions brought under federal statute, such as in bankruptcy proceedings." Banks v. Gill Distribution Ctrs, Inc., 263 F.3d 862, 871 (9th Cir. 2001).

In Dishman v. Unum Life Ins. Co. of Am., 269 F.3d 974, 988 (9th Cir. 2001), the district court had awarded a prejudgment interest rate of 16%, finding "that the equities

of the case, namely the defendants' bad faith termination of the plaintiff's [disability insurance] benefits, require the higher rate of interest to disgorge the defendants of more than the amount of return that they obtained in retaining the money that the plaintiff was due." Id. On appeal, the Ninth Circuit remanded, commenting that "[p]rejudgment interest is an element of compensation, not penalty. Although a defendant's bad faith conduct may influence whether a court awards prejudgment interest, it should not influence the rate of the interest." Id.

While the Debtor's malfeasance here caused Khnkoyan to lose money, the Dishman decision directs me not to depart from the federal interest rate in awarding an interest rate simply because of the Debtor's bad faith conduct. The Ninth Circuit in Dishman remanded "to allow the district court to choose a prejudgment interest rate that compensates Dishman for the losses he incurred as a result of Unum's non payment of benefits, rather than a rate that [punishes Unum]." In her memorandum to the court, Khnkoyan now urges me to award an interest rate higher than the rate specified in § 1961(a) in order to allow for a full and fair recovery to her. Khnkoyan urges that the evidence that she had been defrauded by the Debtor, that the Debtor's testimony during these proceedings was not credible, that errors in the Debtor's schedules were knowingly made, and that the Debtor's indebtedness to Khnkoyan was a nondischargeable debt in bankruptcy all support a decision to award an interest rate higher than that specified in § 1961(a). While the evidence here may establish that the Debtor acted in bad faith, under Dishman, such evidence is insufficient to justify an interest rate higher than provided in § 1961(a). Therefore, I conclude that the federal rate should apply in determining prejudgment interest in this case.

In Saavedra v. Korean Air Lines Company Ltd., 93 F.3d 547, 555 (9th Cir. 1996), the Ninth Circuit approved the district court's use of 28 U.S.C. § 1961(a) "as a yard stick for prejudgment interest" on claims resulting from the Soviet Union's

4

destruction of a Korean airliner over the Sea of Japan in 1983. In <u>MHC, Inc. v. Oregon Dept of Revenue</u>, 66 F.3d 1082, 1090-91, 10, n (9th Cir 1995), the Ninth Circuit disallowed prejudgment interest awarded at the state statutory rate by the United States District Court on unpaid state taxes, holding that the taxpayers "must pay interest at the rates provided by 28 U.S.C. § 1961 calculated from the date the taxes would have ordinarily been due."  As the Ninth Circuit said in <u>Nelson v. EG & G Measurements Group</u>, 37 F.3d 1384, 1391 (9th Cir. 1994), "This makes good sense because pre-judgment interest is intended to cover the lost investment potential of funds to which the plaintiff was entitled, from the time of entitlement to the date of judgment." In <u>Southland + Keystone v. Official PACA Creditors' Comm.</u>, 132 B.R. 632, (9th Cir. BAP 1991), the Panel commented that "Both the appropriate rate and the commencement date for an award of prejudgment interest is left to the broad discretion of the trial court." <u>Id.</u> at 642 (citation omitted). The Panel also pointed out that "The purpose of such interest is to compensate the prevailing party for the loss of use of money from the time the claim accrues until judgment is entered." <u>Id.</u> at 641 (citations omitted).

Accordingly as limited by <u>Dishman</u>, and to be consistent with <u>Saavedra</u>, <u>MHC</u>, <u>Nelson</u>, and <u>Southland + Keystone</u>, and since I conclude that no equities in the case before me require a different rate, I believe that prejudgment interest should be calculated based on § 1961(a), commencing with the date Khnkoyan advanced funds to the debtor, and thus went at risk on each unpaid loan. A schedule of each separate unpaid loan along with (1) my determination of the appropriate commencement date of prejudgment interest; (2) and the appropriate applicable interest rate is attached as an appendix to this memorandum.

Finally, Khnkoyan is entitled to prejudgment interest compounded annually. Section 1961(b) specifically allows for such compounding, and case law supports its

5

application to prejudgment interest.  See Southland + Keystone, 132 B.R. at 642.

## CONCLUSION

Khnkoyan is entitled to prejudgment interest based upon the applicable federal rate from the date Khnkoyan advanced funds on each unpaid loan compounded annually.

Khnkoyan's counsel is directed to prepare, serve, and lodge a proposed Amended Judgment modified to incorporate a calculation of accrued pre-amended judgment interest to date at the interest rates established herein, but otherwise identical to the judgment entered herein on December 4, 2006, along with statements of the daily rate of interest on each such loan to apply up to the date of entry of the Amended Judgment.

IT IS SO ORDERED.

DATED:  6/21/06

*[Signature]*

THOMAS B. DONOVAN
United States Bankruptcy Judge

6

## APPENDIX

| LOAN NUMBER | DATE OF LOAN | AMOUNT OF LOAN | APPROPRIATE INTEREST RATE |
|---|---|---|---|
| 1 | 10/22/98 | $80,000 | **4.01** |
| 2 | 12/29/98 | 80,000 | **4.63** |
| 3 | 2/24/99 | 100,000 | **4.71** |
| 7 | 8/12/99 | 50,000 | **5.13** |
| 8 | 8/16/99 | 20,000 | **5.23** |
| 9 | 9/22/99 | 44,000 | **5.26** |
| 10 | 10/18/99 | 48,000 | **5.42** |
| 11 | 6/11/00 | 11,000 | **6.23** |

### NOTICE OF ENTRY OF JUDGMENT OR ORDER
### AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST LISTED BELOW:

1.   You are hereby notified that a judgment or order entitled:

**MEMORANDUM OF DECISION**

was entered on _6-22-06_.

2.   I hereby certify that I mailed a true copy of the order or judgment to the persons and entities listed below on _6-22-06_.

**ATTORNEY FOR PLAINTIFF**
Armen Shaghzo
535 N Brand Blvd. Suite 210
Glendale, CA 91203

**DEBTOR**
Sona Chukhian Melikyan
529 E. Windsor Road, Apt. #2
Glendale, CA. 91205

**ATTORNEY FOR DEBTOR**
Frank J. Lizaraga, Jr.
Attorney at Law
1131 West Sixth Street, Suite 140
Ontario, CA. 91762

**CHAPTER 7 TRUSTEE**
Alberta P. Stahl, Chapter 7 Trustee
Law Offices of Alberta P. Stahl
221 N. Figueroa Street, Suite 1200
Los Angeles, CA. 90012

**U.S. TRUSTEE**
Office of the U. S. Trustee
Ernst & Young Plaza
725 S. Figueroa St., 26th Floor
Los Angeles, CA 90017

Dated: _6-22-06_                                      _____
                                                              Clerk